IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOE M. ALLEN                                                                                                    PLAINTIFF

v.                                    Civil No. 5:22-cv-05016

SHERIFF TIM HELDER, Washington County,
Arkansas; PROSECUTOR MATT DURRETT;
PROSECUTOR DENNIS DEAN; and ATTORNEY
HUGH SHOWALTER                                                                                            DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court for preservice screening of the Complaint (ECF No. 1) under 28 U.S.C. § 1915A. Pursuant to § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

### I.   BACKGROUND

Plaintiff, Joe M. Allen ("Allen"), currently an inmate of the Washington County Detention Center ("WCDC"), filed this civil rights action under 42 U.S.C. § 1983. Allen proceeds *pro se* and *in forma pauperis* ("IFP").

According to the allegations of the Complaint (ECF No. 1), Allen has been incarcerated in the WCDC since February 28, 2020. *Id.* at 4. Allen indicates he currently has five criminal cases pending against him in the Washington County Circuit Court:

(1). *State v. Allen,* 72CR-19-485, filed on February 19, 2019. The information charges

Allen with one count of felony possession of a Schedule I or II controlled substance, one count of felony tampering with physical evidence, one misdemeanor count of possession of a Schedule IV controlled substance, and one misdemeanor count of refusal to submit to arrest;

(2). *State v. Allen,* 72CR-19-2774, filed on October 23, 2019. The information charges Allen with one felony count of possession of a Schedule II controlled substance, one felony count of possession of a Schedule I or II controlled substance, and one felony count of possession of drug paraphernalia;

(3). *State v. Allen,* 72 CR-19-2781, filed on October 23, 2019. The information charges Allen with one felony count of possession of a Schedule II controlled substance, one felony count of possession of a Schedule I or II controlled substance, and one misdemeanor count of resisting arrest;

(4). *State v. Allen,* 72CR-19-3018, filed on November 19, 2019. The information charges Allen with one felony count of first degree terroristic threatening and one felony count of failure to appear; and

(5). *State v. Allen,* 72CR-19-3392, filed December 31, 2019. The information charges Allen with one felony count of failure to appear at a revocation hearing.[1]

Allen maintains he has been wrongfully incarcerated for two years "without due process of law, without a fair, speedy, public trial by jury, and under excessive high bonds." (ECF No. 1 at 4-5). Allen says his petitions for habeas corpus and motions to dismiss filed pursuant to Rule 28.1(b)(c) of Arkansas Rules of Criminal Procedure have been denied through the negligent

---

[1] This information is publicly available on the criminal court docket sheets. https://caseinfo.arcourts.gov/cconnect/PROD/public/ck_public_qry_cpty.cp_personcase_details_idx (accessed February 11, 2022).

practices of the Defendants. *Id.* at 5-6. Allen asserts Defendants have violated his civil rights under the First, Fifth, Sixth, Eighth and Fourteenth Amendments as well as in violation of 18 U.S.C. §§ 241-242.[2] *Id.* at 6. Allen says the WCDC's request and grievance system as well as the "electronic video court law practice" is being used against him by the Defendants in an effort to deprive him of his constitutional and statutory rights. *Id.* at 6-7.

As relief, Allen seeks compensatory and punitive damages as well as injunctive relief. Specifically, he asks that he be released from custody and be compensated on a per-day basis for the period of his incarceration. Allen also requests that he be allowed to proceed to a jury trial.

## II. LEGAL STANDARD

Under § 1915A, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988); *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

---

[2] 18 U.S.C. §§ 241-242 are federal criminal statutes making unlawful certain deprivations of civil rights and conspiracies to deprive individuals of civil rights. No private cause of action exists. *See e.g., Durso v. Summer Brook Preserve Homeowner's Ass'n,* 641 F. Supp. 2d 1256 (M.D. Fla. 2008).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. DISCUSSION

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) each defendant acted under color of state law, and (2) that he or she violated a right secured by the constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999).

#### A. Sheriff Tim Helder

To establish personal liability of the supervisory defendant, [Allen] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of [his] constitutional rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) (quoting *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006)). Allen makes no such allegations against Sheriff Helder.

4

Official capacity claims are "functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). In this case, Allen's official capacity claims against Sheriff Helder are treated as claims against Washington County. "[I]t is well established that a [county] cannot be held liable on a *respondeat superior* theory, that is, solely because it employs a tortfeasor." *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013). To establish municipal liability under section 1983, "plaintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009) (citation omitted). To establish the existence of an unconstitutional policy, the Plaintiff must point to "a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999). Plaintiff fails to identify any custom, policy, or practice of Washington County which violated his constitutional rights. All scheduling in criminal cases is done by the assigned Washington County Circuit Court Judge.

### B. Prosecutors Matt Durrett and Dennis Dean

Allen's claims against Prosecutors Matt Durrett and Dennis Dean must be dismissed because prosecutors are immune from suit. The United States Supreme Court in *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id.* at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.* at 430; s*ee also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to

5

absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity).

Allen has failed to allege Prosecutors Durrett and Dean engaged in any conduct other than actions taken in connection with their duties as prosecuting attorneys. Accordingly, Prosecutors Durrett and Dean and entitled to absolute immunity. *See also Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996) (County prosecutors were entitled to absolute immunity from suit). Allen's individual capacity claims against the prosecuting attorneys fail as a matter of law.

### C. Sovereign Immunity

Allen's official capacity claims against Prosecutors Durrett and Dean are subject to dismissal. In Arkansas, prosecuting attorneys are officers of the state. Ark. Const. amend. 80, §20.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against any one of the United States." U.S. Const. amend XI. "The Eleventh Amendment confirms the sovereign status of the States by shielding them from suits by individuals absent their consent." *Frew ex re. Frew v. Hawkins,* 540 U.S. 431, 437 (2004). "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the state itself." *Will v. Michigan Dep't. of State Police,* 491 U.S. 58, 71 (1989)(citation omitted). "Eleventh Amendment jurisprudence is well-settled: 'a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment.'" *Burk v. Beene,* 948 F.2d 489, 492 (8th Cir. 1991)(quoting *Edelman v. Jordan,* 415 U.S. 651, 663 (1974)).

This bar exists whether the relief sought is legal or equitable. *Papasan v. Allain*, 478 U.S. 265, 276 (1986). Furthermore, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will,* 491 U.S. at 71.

Exceptions to the reach of the Eleventh Amendment exist only when the state has unequivocally waived its immunity or Congress has abrogated the immunity. *Hutto v. Finney,* 437 U.S. 678, 693 (1978). The State of Arkansas has not waived its sovereign immunity. *See e.g., Hadley v. North Ark. Cmty. Tech. Coll.,* 76 F.3d 1437, 1438 (8th Cir. 1996). Nor did Congress abrogate sovereign immunity when enacting § 1983. *Quern v. Jordan* , 440 U.S. 332, 345 (1979). The official capacity claims against Prosecutors Durrett and Dean are therefore barred by the Eleventh Amendment.

### D. Public Defender Showalter

Public Defender Showalter represents Allen in his state court criminal proceedings. Defender Showalter is not subject to suit under § 1983. Defender Showalter is not acting under color of state law while representing Allen in his criminal proceedings. *Polk County v. Dodson,* 454 U.S. 312, 324 (1981) (neither public defenders nor privately retained defense counsel act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings); *Myers v. Vogel,* 960 F.2d 750, 750 (8th Cir. 1992)(same). A § 1983 claim cannot be brought for ineffective assistance of counsel or legal malpractice. *Polk,* 454 U.S. at 324; *see also Deck v. Leftridge,* 771 F.2d 1168, 1170 (8th Cir. 1985)(wide range of functions even when performed badly fall within the scope of *Polk*). Accordingly, Allen has failed to state a cognizable claim under § 1983 against Defender Showalter.

### E. Speedy Trial

The remedy for alleged speedy trial violations is the filing of a motion to dismiss the charge in the appropriate court. Ark. R. Crim. P. 28.1. Allen is directed to raise this issue in the Washington County Circuit Court. While Allen alleges he has filed motions to dismiss and petitions for the writ of habeas corpus in the above cited criminal cases, the docket sheets reflect that Allen just filed a petition for writ of habeas corpus in each of these cases on January 26, 2022.

Habeas corpus relief is not available in a suit under § 1983. *Preiser v. Rodriguez,* 411 U.S. 475, 489 (1973). Although a pretrial detainee may seek habeas corpus relief under 28 U.S.C. § 2241 in federal court, he may do so only after exhausting his state law remedies. *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484 (1973). As noted, Allen has just filed his request for habeas relief in state court.

### IV. CONCLUSION

For these reasons, it is recommended that:

(1) the Complaint be **DISMISSED WITHOUT PREJUDICE** as the claims asserted are frivolous, are against persons immune from suit, and fail to state claims upon which relief may be granted, pursuant to 28 U.S.C. § 1915A;

(2) Plaintiff/Petitioner is warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g) and thus, the **Clerk** is directed to place a § 1915(g) strike flag on the case for future judicial consideration; and

(3) The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by**

**the district court.**

  **DATED** this 14th day of February 2022.

*/s/ Christy Comstock*
_____
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE
